

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2007

# Widjojo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3250

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Widjojo v. Atty Gen USA" (2007). *2007 Decisions.* Paper 776.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/776

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  06-3250
_____

ERICK RIJANTO WIDJOJO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A96-203-778
Immigration Judge:  R. K. Malloy

____

Submitted Under Third Circuit LAR 34.1(a)
on July 12, 2007

Before:  RENDELL, AMBRO, and NYGAARD, Circuit Judges.

(Filed July 12, 2007)

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Petitioner Erick Rijanto Widjojo arrived in the United States in August of 2001 on a tourist visa. After remaining longer than the visa permitted, the Immigration and Naturalization Service instituted removal proceedings against Widjojo, who then sought asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Pub. L. No. 105-277, Div. G, Title XXII, § 2242, 112 Stat. 2681-822 (Oct. 21, 1998) (codified as Note to 8 U.S.C. § 1231), and voluntary departure in the alternative. The immigration judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") adopted and affirmed the decision of the IJ, granting Widjojo's request for voluntary departure under the INA. The BIA agreed with the IJ that Widjojo failed to establish eligibility for asylum, withholding, or protection under the CAT. The BIA also agreed that Widjojo's asylum application was time-barred as it was not filed within one year after his arrival in the United States, and he had not established changed circumstances affecting his eligibility or extraordinary circumstances directly related to the failure to meet the one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(D). In his petition for review, Widjojo renews his claims of asylum and withholding of removal. We will deny the petition.

**DISCUSSION**

2

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA adopted the findings of the IJ and discussed some of the bases for the IJ's decision, we review the order of the BIA and the IJ for substantial evidence. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

Widjojo is a Chinese Christian and a citizen of Indonesia who entered the United States with a tourist visa because, he claims, conditions in Indonesia were unsafe for Chinese Christians. Widjojo's claim is premised on three incidents. First, as a child he was often called "dirty Chinese" and subjected to other unfair treatment. Second, as an adult, after leaving church one night, native Indonesians banged on the windows of the car occupied by Widjojo and a friend and demanded money. After Widjojo's friend gave them money, the native punched him and told him that he deserved it because he believed in a false religion. Widjojo and his friend then drove to safety. Some time after this incident, Widjojo was followed persistently on his motorbike by unknown persons, but after pulling into a gas station, the persons abandoned their pursuit. Lastly, Widjojo claims that there is evidence of pattern and practice of persecution in Indonesia against the Chinese and non-Muslims, and the bombings in Bali in 2000 added to his fear of persecution.

In order to establish eligibility for asylum, Widjojo must demonstrate that he is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A). *See Chen*, 376 F.3d at 222. A refugee is "unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership

3

in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, Widjojo must show a "clear probability" of persecution by the government, or a group that the government cannot control, on account of one of the protected grounds. *INS v. Stevic*, 467 U.S. 407, 413 (1984).

The three incidents he describes, while unpleasant, do not rise to the level of persecution. Furthermore, nothing happened to Widjojo in Bali, where he was living for four years before leaving for the United States. Widjojo offers no evidence to suggest that he has a well-founded fear, much less a clear probability, that he will be persecuted upon his return to Indonesia.

The IJ noted that Widjojo was able to attend church in Indonesia, he was baptized there, and there was no evidence that the government prevented him from following his Christian beliefs. While our Court has recognized that there is a problem with religious violence in Indonesia, we have held that we do not believe that circumstances compel the finding that there is a pattern or practice of persecution against Chinese Christians. *Lie v. Ashcroft*, 396 F.3d 530, 537-38 (3d Cir. 2005). Indeed, the IJ noted that laws have been passed which abolish laws that prevented ethnic Chinese from studying Chinese languages and culture. The IJ also explained that there was absolutely no evidence to suggest that the Bali bombings were directed at ethnic Chinese. Furthermore, the IJ noted that Widjojo is currently not an active Christian, and no one would be interested in harming him based on his religious beliefs. The order denying the asylum claim is

4

supported by substantial evidence.[1]

As the standard of "clear probability of persecution" for a claim for withholding of removal is more stringent than the "well-founded fear" required for asylum, Widjojo's withholding claim must fail as well. *See Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991).

**CONCLUSION**

For the reasons described above, the order by the BIA and IJ denying Widjojo's asylum and withholding claims is supported by substantial evidence. The petition for review will be DENIED.

---

[1] While denial on the merits of the request for asylum is supported by substantial evidence, the asylum application is time-barred. Widjojo testified that he became aware of the asylum process approximately six months after arriving in the United States. We agree that Widjojo offered no compelling reasons why his procedural defect should be excused. *See* 8 U.S.C. § 1158(a)(2). Additionally, Widjojo does not raise the issue of timeliness in his opening brief.